Dear Mr. Clark:
Our office received an opinion request from you concerning a proposed amendment to the Charter for the City of Plaquemine. Pursuant to La.R.S. 33:1181, you submitted the proposed amendment to our office for an opinion as to whether or not the amendment should be approved by the governor.
The City of Plaquemine has presented the following documentation to the Governor's Office:
 1. A certified copy of Ordinance No. 278 of 2009, adopted by the Mayor and Board of Selectmen on January 13, 2009, which amends Section 8a and Section 9 of the Charter for the City of Plaquemine;
 2. A "Proof of Publication" in the Post/South, the Official Journal for the City of Plaquemine, in three issues, January 22, 2009, January 29, 2009, and February 5, 2009, of the daily paper; and
 3. A certification from L. Phillip Canova, Jr., City Attorney for the City of Plaquemine, in a letter dated March 6, 2009, that no protest has been made to the City in regard to the amendment embodied in said ordinance.
According to information provided to us, Plaquemine is a municipality existing prior to July 29, 1898 having a population of two hundred thousand or less, which does not come under the provisions of Part I of Chapter 2 of Title 33.[1] *Page 2 
The municipal officers of the City of Plaquemine are identified and described in the City's Legislative Charter, as amended. Thus, a change in the title of the chief law enforcement officer for the City from "Marshal" to "Chief of Police" may only by accomplished by following the procedures for amending such charter. As a consequence, to amend the Charter for the City of Plaquemine, as proposed by Ordinance No. 278 of 2009, this office has determined that La.R.S. 33:1181 must be followed. This statute provides that:
 When a municipality existing prior to July 29, 1898, and having a population of two hundred thousand or less, which has not come under the provisions of Part I of Chapter 2 of this Title, desires to amend its charter, the same may be done in this way: The municipal governing body may prepare, in writing, the desired amendments, have the same published for three weeks in a newspaper published in the municipality, if there be one, and, if none, then by posting for said time in at least three public places therein; the proposed amendments shall then be submitted to the governor, who shall submit them to the Attorney General for his opinion. If the Attorney General is of the opinion that the proposed amendments are consistent with the constitution and laws of the United States and of this state, including Part I of Chapter 2 of this Title, the Governor shall approve the proposed amendments. If, within thirty days after publication, one-tenth of the electors of the municipality protest against any proposed amendment, the Governor shall not approve the amendment protested against until it is submitted to and ratified by a majority of the electors of the municipality at an election held within sixty days after the protest has been made.
 Amendments, when approved by the Governor, shall be recorded at the expense of the municipality, in the office of the Secretary of State and upon the records of the municipal governing body, and, when so recorded, shall have the force and effect of law.
La.R.S. 33:1181.
The documentation provided to your office by the City, copies of which were provided to this office, establishes compliance with the local approval and publication requirements of La.R.S. 33:1181. As thirty days have passed since the required publications, and no objections to the proposed charter change have been received, this office must now determine whether "the proposed amendments are consistent with the constitution and laws of the United States and of this state. . ." La.R.S. 33:1181.
Ordinance No. 278 of 2009 provides for two provisions of the Charter for the City of Plaquemine to be amended so that the Chief Law Enforcement Officer of the City is referred to as the "Chief of Police" rather than "Marshal." Based on the documentation *Page 3 
presented by the City of Plaquemine, and our independent research, it is the Attorney General's opinion that the proposed amendment to the Charter for the City of Plaquemine, Ordinance No. 278 of 2009, is consistent with the constitution and laws of the United States and of this state, and should be approved by the governor.
The proposed amendment involves Section 8a and Section 9 of the Charter for the City of Plaquemine. Currently, these sections refer to the Chief Law Enforcement Officer of the City as the "Marshal." The City of Plaquemine has a Marshal for its City Court, see La.R.S.13:2488.62(B) and La.R.S. 13:2107. The information provided indicates that the Mayor and Board of Selectmen wish to amend the Charter for the City of Plaquemine so that the Chief Law Enforcement Officer of the City is referred to as the "Chief of Police" instead of "Marshal" to avoid any potential confusion between the Chief Law Enforcement Officer of the City and the Marshal for the City Court.[2]
It is the opinion of this office that referring to the Chief Law Enforcement Officer for the City of Plaquemine as the "Chief of Police" rather than "Marshal" in the Charter for the City of Plaquemine is consistent with the constitution and laws of the United States and this state, including Part I of Chapter 2 of Title 33, and should therefore be approved by the governor.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY:__________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] Please note that Part I of Chapter 2 of Title 33 is commonly known as the Lawrason Act. The City of Plaquemine is governed by a special legislative charter, Act 109 of 1878, as amended. Consistent with La.R.S. 33:321, Plaquemine does not operate under Part I of Chapter 2 of Title 33, and is not subject to the provisions of the Lawrason Act.
[2] Louisiana law and past opinions from our office recognize the synonymous nature of the terms "marshal" and "chief of police." La.R.S.33:423 provides, in part, that "[t]he marshal shall be the chief of police. . ." and our office has previously opined that a town marshal is also a chief of police. La. Atty. Gen. Op. No. 98-176, La. Atty. Gen. Op. No. 84-242, La. Atty. Gen. Op. No. 1942-44, p. 379. However, La.R.S. 33:423 is part of the Lawrason Act, and does not govern municipalities which operate under a special legislative charter. Therefore, as this opinion explains, changing the term "Marshal" to the "Chief of Police" would require an amendment to the Charter for the City of Plaquemine in accordance with the provisions of La.R.S.33:1181.